# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **ROGER JAMES, individually, and on behalf of others similarly situated,**   )<br>)<br>) | |
| **Plaintiff,**   ) | Case No.: 2:19-cv-2260-DDC |
| v.   )<br>) | |
| **BOYD GAMING CORPORATION,** *et al.*   )<br>)<br>) | |
| **Defendants.**   ) | |

## AGREED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. The parties further agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties while protecting against the disclosure of privileged or otherwise protected documents or ESI. The Order is necessary to protect the parties and other persons from annoyance and embarrassment and to protect against the disclosure of information that is proprietary and/or confidential in nature, or that is

protected by privilege, work-product or other applicable grounds. Discovery in this case may seek private information concerning the parties and non-parties, including but not limited to: Plaintiff's confidential financial, educational, employment, and medical records, as well as other personal information; the personnel and/or human resources files of current and/or former employees of any Defendant; confidential financial information of any Defendant; and confidential and/or proprietary information related to any Defendant's employees, and the business and operation of any Defendant, including policies, practices, or procedures. Good cause exists for the issuance of a protective order, including if the confidential information were known generally, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, loss of business and/or job opportunities, and could potentially impact upon certain persons' personal and/or work relationships. Good cause further exists regarding any Defendant's financial, proprietary, and business operations information, as that information is not generally known to the public, and could, therefore, place any Defendant at a competitive disadvantage. Good cause also exists as to safeguards for privileged, work product-protected, or otherwise shielded information, as the entry of a "claw-back" instruction with respect to such information will improve discovery efficiency by pre-empting motion practice on these settled issues.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, provide safeguards for material deemed privileged or otherwise protected from disclosure, and ensure that protection is afforded only to such deemed material, on the agreement of Plaintiff Roger James and Defendants Boyd Gaming Corporation and

2

Kansas Star Casino, LLC, and for good cause shown under 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Agreed Protective Order:

1. **Scope.** All documents and electronically stored information ("ESI") produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    (a) Medical, financial, educational, employment, tax records, and/or other personal information;

    (b) Personnel, payroll, and/or human resources files, records, and/or information of current and/or former employees of any Defendant;

    (c) Confidential and/or proprietary information or trade secrets related to the business and operation of any Defendant, including policies, practices, or procedures; and

3

(d) Records whose disclosure is restricted or prohibited by law.

Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designating Documents, ESI and Interrogatory Answers as Confidential.** Any party to this action may designate as "Confidential Information" documents, ESI and responses to interrogatories, requests for admissions, or requests for production of documents and ESI made after entry of this Order by stamping or labeling the documents, ESI or responses with the word "Confidential." Documents or ESI will be marked as "Confidential" prior to or at the time the documents or ESI are produced or disclosed. Documents, ESI or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, in which case the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only those categories of documents and ESI enumerated in Paragraph 2 may be designated as Confidential Information.

Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party

4

appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

**4.    Inadvertent Failure to Designate.** Inadvertent failure to designate any document or ESI as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

**5.    Depositions.** Parties to this action may designate Confidential Information in deposition testimony by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under Paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. There shall be no need to re-designate deposition exhibits which have previously been designated as confidential.

**6.    Disclosure of Confidential Information.**

**(a)    General Protections.** Any documents, ESI, designated portions of deposition testimony, or responses to interrogatories, responses to requests for admission, or responses to requests for production of documents/ESI which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.

**(b)** **Who May View Designated Confidential Information.** Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(1) The parties;[1]

(2) The parties' counsel, including in-house counsel, counsels' legal and clerical assistants, and staff;

(3) Persons with prior knowledge of the substance of the documents or ESI, or of the Confidential Information contained therein;

(4) Any witness whose deposition is being taken or who is being questioned at trial;

(5) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or ESI will assist the witness in recalling, relating, or explaining facts or in testifying;

(6) Court personnel, including court reporters at depositions, persons operating video recording equipment at depositions, and any special master appointed by the Court;

---

[1] If the Confidential Information contains highly sensitive trade secrets or other highly sensitive competitive or confidential information, and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection, (*e.g.*, Attorneys' Eyes Only) that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

69693168.2

(7) Any independent document or ESI reproduction services or video recording and retrieval services;

(8) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(9) Any mediator appointed by the Court or selected by the parties.

(10) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(11) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(12) Other persons only upon consent of the producing party and on such conditions as the parties shall agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as Confidential Information under the terms of this Order.

**7.** **Filing of Confidential Information.** In the event a party seeks to file any document or ESI containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document or ESI receives proper protection from public disclosure including: (a) filing a redacted version with the consent of the party who designated the information as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the information solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the information under seal by filing a motion for

7

leave to file under seal accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

    **8.**    **Information Security Protections.** Any person in possession of another party's Confidential Information shall protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. Such safeguards shall be appropriate to the size and complexity of the Receiving Party's operations and the sensitivity of the Confidential Information to which they gain access pursuant to this Protective Order. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with reasonable assurances to Designating Party that such breach shall not recur; and (3) provide information to the Designating Party regarding the size and scope of the breach. If required by any judicial or governmental request, requirement or Order to disclose such

information, the Receiving Party shall take reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

9. **Agreement of Witnesses.** Each counsel shall be responsible for providing notice of this Order, and the terms herein, to any person to whom they disclose Confidential Information, as defined by the terms of this Order. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of court.

10. **Disputes Concerning Designation(s) of Confidential Information.** The designation of any ESI or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**11. Use of Confidential Information.** Confidential Information must be used or disclosed solely for the purposes of prosecuting or defending this lawsuit, including any appeals. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing in the context of this lawsuit. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**12. No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, ESI, transcript, or other material. Further, the parties expressly reserve their right to file a motion *in limine* regarding the use of any such materials identified as confidential by the terms of this Order.

**13. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Return of Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without

10

restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**14.** **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**15.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**16.     Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**17.     Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within three (3) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated August 20, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara 
James P. O'Hara
U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** | **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** |
| s/ Alexander T. Ricke  (KS Bar No. 26302)<br>Signature | s/ Travis L. Salmon (KS Bar No. 20606)<br>Signature |
| Alexander T. Ricke_____<br>Printed Name | Travis L. Salmon_____<br>Printed Name |
| Counsel for: Plaintiff_____ | Counsel for: _Defendants_____ |
| Dated:       8/20/19 | Dated:  8/20/19 |

13