## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROGER JAMES, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

    **v.**
                                **Case No. 19-2260-DDC-JPO**

**BOYD GAMING CORPORATION and KANSAS STAR CASINO, LLC,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Sealed Motion for Leave to Provisionally File Documents Under Seal (Doc. 60) and defendants' Response to Plaintiff's Sealed Motion, also styled as a motion for leave to file under seal (Doc. 63).

Plaintiff's motion seeks leave to file provisionally under seal his (1) Memorandum in Support of Motion for Conditional FLSA Certification and Issuance of Notice to Similarly Situated Employees; and (2) supporting Exhibits. Plaintiff explains that his Memorandum extensively quotes, discusses, and attaches exhibits that defendants designated as confidential under the Protective Order (Doc. 16). So, plaintiff seeks to file these materials provisionally under seal until defendants either consent to having the materials filed in the public record or meet their burden to show the materials should remain under seal or be redacted in some form.

Plaintiff's motion tacitly admits that it does not meet the legal standard for filing the requested documents under seal because it is not plaintiff who desires to keep the materials confidential. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining there is a "strong presumption in favor of public access to judicial records" and that the party seeking to deny the public access to judicial records must shoulder the burden to establish that sufficiently

significant interests "'heavily outweigh the public interests in access'" (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988))); *see also JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826–27 (10th Cir. 2014) (explaining designating materials as confidential under a protective order does not suffice to rebut the strong presumption favoring public access for court records).  Here, defendants are the parties who claim an interest in protecting the materials cited in and attached to plaintiff's Memorandum as they are the ones who designated them as confidential.  So, plaintiff filed a motion seeking to file the materials in their entirety under seal, albeit temporarily, until defendants weigh in about which documents should be filed publicly and which should remain sealed.

The court prefers not to seal documents when a sufficient justification for sealing has not yet been presented—even provisionally—because the court then must monitor the docket to ensure appropriate documents later are unsealed.  *See United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (explaining "any denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the records" (quoting *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 13–14 (1986) (emphasis added))).  But, in this instance, defendants have responded to plaintiff's motion with a narrowly tailored request for plaintiff to file certain documents under seal and redact certain materials.  This Response obviates the need to file all of the documents under seal provisionally.  So, the court denies plaintiff's Sealed Motion for Leave to Provisionally File Documents Under Seal (Doc. 60) because it is moot.

Defendants' Response comports with the Supreme Court and Tenth Circuit's standards for sealed filings.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and

documents"); *Mann*, 477 F.3d at 1149 (explaining how a party may rebut the presumption of public access); *see also Walker*, 761 F. App'x at 835 (explaining "any denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the records" (quoting *Press-Enter. Co.*, 478 U.S. at 13–14)).  Defendants seek the court's leave for plaintiff to file under seal Exhibits 16 and 17 attached to plaintiff's Memorandum.  Doc. 63 at 1, 3.  And, they request plaintiff redact certain portions of deposition testimony in Exhibits 4 and 5.  *Id.* at 1, 3–4.  Otherwise, defendants do not object to plaintiff filing his Memorandum and supporting Exhibits publicly.  *See generally* Doc. 63.

Defendants explain that Exhibits 16 (Doc. 60-18) and 17 (Doc. 60-19) include excerpts from defendant Kansas Star Casino, LLC's internal control documents, which would implicate security and competitive concerns if filed publicly.  And, certain portions of the deposition testimony in Exhibits 4 (Doc. 60-5) and 5 (Doc. 60-6) also contain commercially sensitive information about defendants' structure and operations.  Defendants request Exhibit 16 and Exhibit 17 be filed under seal in their entirety.  For Exhibit 4 and Exhibit 5, defendants suggest plaintiff file only the pages cited in his Memorandum or redact certain portions of the testimony.  Defendants identify the specific lines of deposition testimony they believe should be redacted in their Response.  Doc. 63 at 4.

The court has reviewed the materials defendants request plaintiff file under seal or redact.  Defendants' request is narrowly tailored and they have shouldered their burden to establish that a significantly sufficient interest outweighs the presumption of public access to judicial records for those materials.  *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, MDL No. 2785, No. 17-md-2785-DDC-TJJ, 2019 WL 2357374, at *2–3 (D. Kan. June 4, 2019) (concluding documents that contain potentially confidential and proprietary

3

information, such as information about business practices that is "competitively sensitive," "may disadvantage the requesting parties' business interests unfairly" and thus may be filed under seal); *see also Nixon*, 435 U.S at 597 (recognizing documents may qualify for sealing if they include "sources of business information that might harm a litigant's competitive standing"); *Mann*, 477 F.3d at 1149 (explaining district courts exercise discretion when deciding whether a party has met its burden to show information should be sealed).

Consistent with these rulings the court orders plaintiff to perform the following within **10 days** of the date of this Order:

(1) File **under seal** Exhibits 16 (Doc. 60-18) and 17 (Doc. 60-19) attached to plaintiff's Memorandum in Support of Motion for Conditional FLSA Certification;

(2) File **under seal** unredacted versions of Exhibits 4 (Doc. 60-5) and 5 (Doc. 60-6) attached to plaintiff's Memorandum in Support of Motion for Conditional FLSA Certification or, alternatively, the pages of such deposition testimony cited in and used to support plaintiff's Motion for Conditional FLSA Certification and Memorandum in Support;

(3) File **publicly** plaintiff's Memorandum in Support of Motion for Conditional FLSA Certification and Issuance of Notice to Similarly Situated Employees and remaining supporting Exhibits not addressed explicitly above;

(4) File **publicly** redacted versions of the deposition testimony filed under seal as directed in (2) above, redacting any materials included therein that are identified on Doc. 63, page 4 as qualifying for redaction.

The Clerk is directed to grant all attorneys who have entered an appearance in this case (and whose appearance has not been terminated) access to view sealed documents in this case (assuming this access has not previously been granted).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Sealed Motion for Leave to Provisionally File Documents Under Seal (Doc. 60) is denied because it is moot.

**IT IS FURTHER ORDERED THAT** defendants' Response to Plaintiff's Sealed Motion, also styled as a motion for leave to file under seal (Doc. 63) is granted.

**IT IS FURTHER ORDERED THAT plaintiff must follow the instructions that the court has outlined above for filing documents both publicly and under seal.**

**IT IS FURTHER ORDERED THAT** the Clerk is directed to grant all attorneys who have entered an appearance in this case (and whose appearance has not been terminated) access to view sealed documents in this case (assuming this access has not previously been granted).

**IT IS SO ORDERED.**

**Dated this 7th day of August, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**