IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ROGER JAMES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOYD GAMING CORPORATION, and KANSAS STAR CASINO, LLC,<br><br>Defendants. | Case No. 19-2260-DDC-ADM |

**FINAL ORDER AND JUDGMENT**
**GRANTING APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND**
**DISMISSING COLLECTIVE MEMBERS AND DEFENDANTS WITH PREJUDICE**

Before the court is plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement (Doc. 165), along with plaintiff's Memorandum in Support (Doc. 166) and the declarations of plaintiff's counsel, plaintiff Roger James, and the settlement administrator, and accompanying exhibits. Having considered the evidence and arguments presented, and the relevant legal authorities, the court GRANTS the motion, and hereby ORDERS and ADJUDGES as follows:

1.  For settlement purposes, the court finds that members of the proposed settlement collectives (Tip Credit Notice Collective and Tip Pool Collective) are "similarly situated" under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. Members of the proposed settlement collectives raise similar legal issues arising from common policies or practices alleged to violate the FLSA. Fairness and procedural considerations, including the number of similarly situated employees covered by the settlement collectives and the effectiveness of allowing them to participate in a common settlement, also weigh in favor of collective action treatment. The court previously granted conditional certification of both

1

collectives and, for the reasons stated in the court's Memorandum and Order, finds that final collective certification is appropriate. *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892 (D. Kan. 2021). Accordingly, under 29 U.S.C. § 216(b), the court grants final collective certification of both collectives for settlement purposes.

2. The court concludes that the parties' FLSA collective action settlement—negotiated at arm's length by experienced counsel and with assistance from an experienced wage and hour mediator after two mediations—fairly and reasonably resolves a *bona fide* dispute, in light of, among other things, the benefits accruing to members of the FLSA settlement collectives, the substantial discovery conducted by the parties, the parties' motion practice on contested issues (including conditional certification), and the complexity, risk, expense and possible length of time of continued litigation. Accordingly, the court concludes that the parties' FLSA collective action settlement meets the applicable standard for approval under 29 U.S.C § 216(b) as a fair and equitable resolution of a bona fide dispute.

3. The court approves the proposed service award because it is reasonable and warranted based on the actions that plaintiff took over the course of nearly three years of litigation to protect and advance the interests of others to whom a substantial benefit has been conferred under the settlement.

4. The court finds that the notice of the proposed settlement to collective members was fair and reasonable for the settlement of an FLSA collective action. The settlement administrator sent a detailed notice of the settlement by email to each collective member for whom the administrator had an email address. And for those collective members for whom the settlement administrator did not have an email, the settlement administrator sent a paper notice to the address collective members provided to plaintiff's counsel in connection with the opt-in

process. The notice explained to collective members the terms of the proposed settlement, including the settlement benefits, their individual settlement amounts, the scope of the release, the attorneys' fees, and the service award. The notice also explained how collective members could object to the settlement and provided a reasonable opportunity to do so.

5. The court approves the parties' separately negotiated agreement that plaintiff's counsel receive a reasonable attorneys' fee as requested in the approval motion. The court approves reimbursement of plaintiff's counsel's litigation expenses as requested in the motion for approval. Measuring the agreed attorneys' fee request against the lodestar in this case demonstrates its reasonableness. The litigation costs appear reasonable and are of the kind and character typically reimbursed. Accordingly, the court approves the requested award of reasonable attorneys' fees and reimbursement of litigation costs as requested by plaintiff's counsel.

6. Without affecting the finality of this final order and judgment, the court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this final order and judgment as may be necessary and appropriate for the construction and implementation of the terms of the Settlement Agreement.

7. Plaintiff's claims are dismissed with prejudice as against defendants. The collective members' claims covered by the Settlement Agreement are dismissed with prejudice as against defendants. No party shall be awarded attorneys' fees or costs except as provided in this final order and judgment and in the Settlement Agreement. This final order and judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

**IT IS SO ORDERED.**

**Dated this 27th day of September, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
